```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MELINDA LENCIN,

                         Plaintiff,
                                                                    MEMORANDUM AND ORDER
         -against-                                                  16-CV-3703 (JFB)(AYS)

NEW YORK COURT OF APPEALS, APPELLATE
COURT, SECOND DIVISION, FAMILY COURT,

                         Defendants.
----------------------------------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

On June 24, 2016, *pro se* plaintiff Melinda Lencin ("plaintiff") filed an *in forma pauperis* complaint against the New York Court of Appeals, the "Appellate Court, Second Division", and the Family Court (collectively, "defendants"). Accompanying the complaint is an application to proceed *in forma pauperis*. For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)-(iii) and Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. The Complaint

Plaintiff's brief complaint is submitted on the court's general complaint form. Plaintiff seeks redress here for alleged deprivations of due process in the New York State Family and Appellate Courts. In its entirety, plaintiff's Statement of Claim alleges:

> I was denied my right to a fair hearing because the New York Court of Appeals and the Appellate Court, Second Division, denied my court appointed attorney access to the in-camera interview of my daughter; which my attorney needed to adequately defend me.

Compl. ¶ III. For relief, plaintiff "request[s] that this Court throw out the ruling made by the Appellate Court, Second Division because I was denied a fair hearing. As a result of the

Appellate Court, Second Division's ruling, I remain without parental rights. I continue to be excluded completely from my child's life. My only contact with my child remains 2 supervised five minute phone calls a week. This has been in place for 3 years. I have unjustly lost all that time with my child." Compl. ¶ IV.

II. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of her application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.*

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch*

*Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 267 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted), and must show that the court has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed.2d 760 (1999); Fed. R. Civ. P. 12(h)(3).

A. Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by

the Court *sua sponte*. *Id*. If subject matter jurisdiction is lacking, the action must be dismissed. *Id*. at 700-01; Fed. R. Civ. P. 12(h)(3).

1. *Rooker-Feldman*

It is well settled that the *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that seek to "collaterally attack" - - *i.e*. reverse or modify - - a state court judgment. *See Lipko v. Christie*, 94 F. App'x 12, 14 (2d Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983)); *Davis v. Baldwin*, 12-CV-6422, 2013 WL 6877560, (S.D.N.Y. Dec. 31, 2013) (applying *Rooker-Feldman* doctrine to review "collateral attack" of Family Court Order); *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284 (E.D.N.Y. May 29, 2013) (Rooker-Feldman "mandates that a federal district court may not review collateral attacks upon a state court determination.")

The Second Circuit has delineated four requirements for *Rooker-Feldman* to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted). Here, plaintiff complains, *inter alia*, that she has been deprived of due process in an underlying state Family Court child custody case and appeals therefrom. Plaintiff invites this court to review and reject the underlying state court decisions resulting in the custody arrangement about which plaintiff complains in her complaint in this Court. Although plaintiff does not provide the specific dates of the challenged orders, she alleges that the present custody arrangement, presumably as a result of those orders, was set over

4

three years ago. Thus, the challenged state court orders occurred well before plaintiff commenced the instant action on June 24, 2016. Thus, the requirements of *Rooker-Feldman* are met, and this Court lacks jurisdiction to adjudicate plaintiff's claims. *See MacPherson v. Town of Southampton*, 738 F.Supp.2d 353, 365 (E.D.N.Y.2010) (holding that plaintiff's action was barred by *Rooker-Feldman* where "a finding by this Court that Defendants' conduct violated Plaintiffs' due process rights would necessarily involve a review of the state court's determination . . . ."); *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 355-56 (E.D.N.Y. 2004) (holding that due process and equal protection claims were inextricably intertwined with the Family Court's determinations regarding child support and could have been raised in state court, either in the Family Court or on appeal); *see also Bernstein v. New York*, No. 06 Civ. 5681(SAS), 2007 WL 438169, at *6 (S.D.N.Y. Feb. 9, 2007) (where plaintiff attempted to avoid the application of *Rooker-Feldman* by "present[ing] his claim as independent from his appeal of the state court . . . order by stating that he . . . was denied due process *in the course of*, and not *as a result of*, the judicial proceedings that led to the state court judgment," holding that the *Rooker-Feldman* doctrine nevertheless barred plaintiff's claim because "[i]f th[e] Court were to declare that [plaintiff] was denied due process during the state court proceedings, it would effectively be reversing a judgment of the state court") (emphasis in original); *Wu v. Levine*, No. 05 Civ. 1234(NG), 2005 WL 2340722, at *2 (E.D.N.Y. June 7, 2005) (holding that where "plaintiff's claims of constitutional and civil rights violations arise from the state court proceedings," plaintiff "cannot circumvent the *Rooker-Feldman* doctrine by recasting her claims as a federal civil rights violation"), *aff'd*, 314 F. App'x 376 (2d Cir. 2009).

Because lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

5

judgments," *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), review of final state court judgments may be sought in the United States Supreme Court since it alone is vested under 28 U.S.C. § 1257 with jurisdiction over appeals from final state court judgments. *See Feldman*, 460 U.S. at 482; *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 286, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970) ("While the lower federal courts were given certain powers in the [Judiciary Act of 1789], they were not given any power to review directly cases from state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts."). Accordingly, plaintiff's Section 1983 claims against the defendants are barred by the *Rooker-Feldman* doctrine. Because the Court thus lacks subject matter jurisdiction, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

B.  Immunity

Even if plaintiff's claims were not barred by the *Rooker-Feldman* doctrine, they could not proceed here because they are barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." *State Emples. Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting *Western Mohegan Tribe & Nation v. Orange Cty.*, 395 F.3d 18, 20 (2d Cir. 2004)). Absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66

(1989). "Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." *FMC v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002).

Here, plaintiff names three state courts as defendants, all of which are part of the New York State Unified Court System, and, as such are arms of the State of New York. *See generally, Gollomp v. Spitzer,* 568 F.3d 355, 366-67 (2d Cir. 2009) ("[E]very court to consider the question of whether the New York State Unified Court System is an arm of the State has concluded that it is, and is therefore protected by Eleventh Amendment sovereign immunity."); New York Courts, http:// www.nycourts.gov/Admin/NYCourts-IntroGuide.pdf (last visited Aug. 17, 2016) (providing background information regarding the roles of the Family Court, the Appellate Division, Second Department, and the Court of Appeals in the New York State court system). Plaintiff has asserted no claims under which it could be found that the State has waived sovereign immunity. Accordingly, this Court lacks jurisdiction to hear plaintiff's claims against the defendants and such claims are dismissed with prejudice.

IV.  Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chappius,* 618 F.3d at 170. Nevertheless, "[l]eave to

amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the deficiencies in plaintiff's claims are substantive in nature and, as such, cannot be remedied by amendment. Accordingly, the court declines to grant plaintiff leave to file an amended complaint.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and her complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to mail a copy of this order to the *pro se* plaintiff at her last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

Dated: August 31, 2016
Central Islip, New York

Joseph F. Bianco
United States District Judge

8